IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DEMARQUIES JOHNSON        *
#178 713
    Plaintiff,              *

    v.                      *       2:11-CV-360-WHA
                                     (WO)
LOUIS D. BOYD, *et al.*,    *

    Defendants.             *

_____

**ORDER**

This 42 U.S.C. § 1983 complaint is filed by Plaintiff, an inmate incarcerated in the Easterling Correctional Facility in Clio, Alabama. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). A thorough review of this complaint indicates that although Plaintiff lists nine defendants to this cause of action, the complaint consists merely of general conclusions of constitutional violations and fails to identify factual allegations material to specific counts lodged against the named defendants with respect to any violations of Plaintiff's constitutional rights.[1]  Moreover, the complaint contains claims that are not related to each other. That is, this action contains claims based on a dispute over: 1) unconstitutional living conditions; 2) de facto policies which prohibit inmate use of toilet facilities between 10:00 p.m. and 3:00 a.m. and arbitrarily impose false

---

[1] Plaintiff may not litigate claims on behalf of other inmates in this complaint. While a *pro se* litigant may bring his own claims to federal court, he may not litigate the claims of others. *See* 28 U.S.C. § 1654; *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975); *see also Hummer v. Dalton*, 657 F.2d 621, 623 (4th Cir. 1981).

disciplinary charges on inmates; 3) the ability to access the courts; 4) inadequate exercise/yard time; 5) a no smoking policy; and 5) mail policies.

In light of the foregoing, the court deems it appropriate to require Plaintiff to amend his complaint to re-plead a complaint that respects the requirements of Rule 8, F.R.Civ.P., and the heightened pleading requirement for such cases as well as to correct the deficiencies noted herein.

Accordingly, it is

ORDERED that on or before **June 28, 2011** Plaintiff shall:

1. File an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). ***The amended complaint filed in compliance with this order shall supersede the original complaint.*** This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against those defendants named in the amended complaint filed in accordance with the order. That being said, the claims in the complaint form should be less numerous than those contained in the original complaint due to the following pleading requirements. ***It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are related to the same incident or issue***. Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs. Plaintiff must, therefore, decide on which claim he will proceed in this action;

2. File an amended complaint that contains one claim and any claims that can be

shown closely related to it, *i.e.*, arising out of the same incident or facts;

3. Identify specific claims relative to ***actions taken against him*** by those persons named as defendants and list these claims in separate counts;

4. Describe with clarity those factual allegations that are material to each specific count against the named defendants; and

5. Describe how the named defendants violated ***his*** constitutional rights.

It is further

ORDERED that Plaintiff's amended complaint should comply with Rule 8(a)(2), *Federal Rule of Civil Procedure*, which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary, rather the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 555, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

The Clerk is DIRECTED to send Plaintiff a form for use in filing a complaint under 42 U.S.C. § 1983 to assist him in complying with the directives contained herein.

Done, this 14th day of June 2011.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE