IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMARQUEIS JOHNSON #178 713     Plaintiff, | * * | |
| v. | * | 2:11-CV-360-WHA (WO) |
| LOUIS D. BOYD, *et al.*,     Defendants. | * * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this 42 U.S.C. § 1983 action on May 11, 2011 challenging his receipt of a behavior citation as well as restrictions imposed on his incoming mail. The complaint is filed against Warden Louis Boyd, Assistant Warden Kenneth Sconyers, Captain Babers, Ms. S. Blakely, Sergeant K. Drake, Sergeant F. Blakely, and Officer Nieves.[1] Plaintiff seeks injunctive relief and "such additional relief this court may deem just and proper."

Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims as well as some of the named defendants prior to service of process is

---

[1] This matter is proceeding on the amended complaint filed by Plaintiff on July 8, 2011. By order entered June 14, 2011 the court directed Plaintiff to file an amended complaint, as further set forth therein, and advised him that the amended complaint filed in compliance with the June 14 order would supercede the original complaint. (*See Doc. Nos. 5, 8.*)

appropriate in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

*A. The Behavior Citation Claim*

Plaintiff complains that Defendants improperly charged him with a behavior citation on March 6, 2011 which caused him to be housed in a restricted privileges dormitory. Issuance of the March 6 behavior citation, Plaintiff claims, was discriminatory, imposed without authorization, resulted in him losing store, phone, and visitation privileges, and denied him the liberty to attend religious services and the law library for one month. (*Doc. No. 1.*) Plaintiff's allegation that Defendants denied him due process in regard to the March 6 behavior citation fails to state a violation of his constitutional rights.

The Supreme Court has held that prison regulations on confinement of inmates do not create a liberty interest enforceable in a § 1983 action. *Sandin v. Conner,* 515 U.S. 472 (1995). In *Sandin,* the Court determined that the added restraint of prison discipline "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976), quoted in *Sandin,* 515 U.S. at 480.

Applying the *Sandin* test, the court concludes that Plaintiff's temporary confinement in the restricted privileges dormitory and its attendant temporary restrictions on various privileges did not impose an "atypical and significant hardship" on him in relation to the "ordinary incidents of prison life." *Sandin,* 515 U.S. at 484. Instead, the possibility that a prisoner may receive this form of treatment is the type of "hardship" ordinarily contemplated by a prison sentence. Because Plaintiff has not alleged deprivation of a protected liberty interest, his complaint in relation thereto fail to state a due process claim based on the alleged erroneous behavior citation. *See id.* at 487; *Griffin v. Vaughn,* 112 F.3d 703, 706 (3rd Cir. 1997).

Based on the foregoing, the court concludes that Plaintiff's due process claim does not rise to the level of a constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action. It is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 489 U.S. 319 (1989).

B. *The Equal Protection Claim*

Plaintiff contends that his receipt of the March 6 behavior citation was discriminatory. Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable under

the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Here, Plaintiff's conclusory assertion that he was subjected to discrimination by Defendants' issuance of the March 6 behavior citation, without more, does not rise to the level of a constitutional violation. This claim is, therefore, due to be dismissed in accordance

with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's due process and equal protection claims be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii);

2.  Plaintiff's complaint against Defendants Boyd, Sconyers, Babers, Nieves, Sgt. F. Blakely, and Sgt. Drake be DISMISSED;

3.  Defendants Boyd, Sconyers, Babers, Nieves, Sgt. F. Blakely, and Sgt. Drake, be DISMISSED as parties to the complaint;[3]

4.  Plaintiff's First Amendment claim against Defendant S. Blakely be REFERRED back to the undersigned for further proceedings.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **July 25, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[3] With regard to his claim concerning receipt of incoming mail, the court notes that Plaintiff makes no specific allegations against Defendants Boyd, Sconyers, Babers, Nieves, Sgt. F. Blakely, and Sgt. Drake nor does he indicate that these individuals were personally involved in the alleged constitutional violation.  The court, therefore, concludes that they are due to be dismissed as parties to the complaint.  *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) *(per curiam)* (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of July, 2011.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE